UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   EDCV 20-0982 CJC (PVC)                         Date:  May 14, 2020

Title     Victor V. Ramirez v. Superior Court of California

Present:  The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**PROCEEDINGS:**  [IN CHAMBERS]  ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED BECAUSE IT IS COMPLETELY UNEXHAUSTED

On April 30, 2020, Petitioner Victor V. Ramirez, a pre-trial detainee proceeding *pro se*, filed a habeas petition pursuant to 28 U.S.C. § 2241.  ("Petition," Dkt. No. 1). While the Petition is extremely difficult to decipher, Petitioner appears to assert at least the following grounds for federal habeas relief:  (1) the superior court lacked jurisdiction; (2) the criminal complaint failed to charge a public offense; (3) the prosecutor knowingly used perjured testimony; (4) Petitioner's arrest was unconstitutional.  (*Id*. at 6-7). Petitioner seeks his immediate release and monetary compensation for his unlawful detention, among other remedies.  (*Id*. at 7).  However, the Petition discloses on its face that all of Petitioner's grounds for relief are unexhausted.  (*Id.* at 6-7).

Petitioner recently brought another § 2241 habeas action in this Court challenging the same custody.  *See Victor V. Ramirez v. Governor of California Jerry Brown*, EDCV 19-1119 CJC (PVC) ("Prior Action").  On January 8, 2020, over Petitioner's objections, the District Judge accepted the Magistrate Judge's recommendation that the action be dismissed without prejudice for failure to exhaust.  (*Id.*, Dkt. No. 29 (Report and Recommendation); Dkt. No. 34 (Objections); Dkt. No. 38 (Order Accepting); and Dkt.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 20-0982 CJC (PVC)                             Date:  May 14, 2020

Title       Victor V. Ramirez v. Superior Court of California

No. 39 (Judgment dismissing action without prejudice)).  In recommending dismissal of the Prior Action, the Magistrate Judge explained:

> This action warrants dismissal because Petitioner's claims are unexhausted.  Although habeas petitions challenging pretrial detention under 28 U.S.C. § 2241 are not subject to a statutory exhaustion requirement, principles of federalism and comity require federal courts to abstain from hearing pretrial habeas challenges unless the petitioner has first exhausted available state judicial remedies.  *Carden v. Montana*, 626 F.2d 82, 83–84 & n.1 (9th Cir. 1980)[FN 4]; *see also Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004) ("[W]e require, as a prudential matter, that habeas petitioners exhaust available judicial . . . remedies before seeking relief under § 2241." (internal quotation and citation omitted)).  "Where a petitioner seeks pre-conviction habeas relief, this exhaustion prerequisite serves two purposes:  (1) to avoid isolating state courts from federal constitutional issues by assuring those courts an ample opportunity to consider constitutional claims; and (2) to prevent federal interference with state adjudication, especially state criminal trials."  *Carden*, 626 F.2d at 83.  To satisfy the exhaustion requirement, Petitioner must "fairly present[]" his claims to the state courts in accordance with the state's procedures, including the California Court of Appeal and, ultimately, the California Supreme Court.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) ("To exhaust a habeas claim properly, a petitioner must present his claim to the state supreme court even if that court's review is discretionary.  Because California's established, normal appellate review procedure is a two-tiered system, [the California state inmate-petitioner] was required to exhaust his habeas claims in a petition for review to the California Supreme Court.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 20-0982 CJC (PVC)                              Date:  May 14, 2020

Title       Victor V. Ramirez v. Superior Court of California

[FN 4] In *Carden*, the Ninth Circuit suggested that an exception to this exhaustion bar may exist for cases where "special circumstances" warrant federal intervention. *See* 626 F.2d at 83-84.  However, while "special circumstances" may overcome "the general rule against pre-conviction federal intervention" under *Younger v. Harris*, 401 U.S. 37 (1971), *see Carden*, 626 F.2d at 84, they do not exempt a pretrial detainee from the requirement to exhaust by filing state habeas petitions, when such relief is available.  *See Arevalo v. Hennessy*, 882 F.3d 763, 767 (2018) (federal habeas relief available to state pretrial detainee because he met other requirements for an exception to *Younger* abstention and properly exhausted state remedies through habeas petitions in the California Court of Appeal and California Supreme Court).

This Court has advised Petitioner several times of this exhaustion requirement.  (*See* Dkt. No. 7 at 2 n.2; Dkt. No. 11 at 3; Dkt. No. 21 at 5-6).  The Court told him, for example, that he "cannot raise habeas claims in this Court without first fully exhausting those claims by 'fairly presenting' the claims to the state courts in accordance with the state's procedures, including the California Court of Appeal and, ultimately, the California Supreme Court."  (Dkt. No. 21 at 6).  Nonetheless, in the Third Amended Petition, Petitioner admits that he did not exhaust any of his claims, as he did not raise them in the California Court of Appeal or the California Supreme Court.  (TAP at 3-8).  Petitioner seems to contend, vaguely, that this requirement should not apply to him.  (*See id.* at 7).  Petitioner is incorrect.

Accordingly, this action warrants dismissal for lack of exhaustion.  Before Petitioner seeks federal habeas relief, he must first exhaust his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  EDCV 20-0982 CJC (PVC)                                  Date:  May 14, 2020

Title       Victor V. Ramirez v. Superior Court of California

claims in state court, either within his state criminal proceedings or in habeas petitions filed in the California Court of Appeal and the California Supreme Court.[FN 5]   Petitioner is advised, moreover, that if he is convicted and wishes to raise any federal habeas claims, the claims will likely be subject to the one-year statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

> [FN 5]  Even if Petitioner were to exhaust his claims through state habeas petitions while his state criminal proceedings are pending, most of the claims he raises here would still be barred by *Younger v. Harris*, 401 U.S. 37 (1971).  Under *Younger*, federal courts generally must abstain from hearing claims regarding pending state criminal proceedings when the federal court's action on the claims would enjoin or otherwise interfere with the pending state proceedings, among other factors, unless there is a showing of "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate."  *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982); *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008); *see also Arevalo*, 882 F.3d at 767 (*Younger* abstention did not bar federal habeas review of state pretrial detainee's due process claim regarding bail because "issues raised in the bail appeal are distinct from the underlying criminal prosecution and would not interfere with it," and detainee properly exhausted state remedies, among other considerations).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 20-0982 CJC (PVC)                              Date:  May 14, 2020

Title      Victor V. Ramirez v. Superior Court of California

> In addition, several of Petitioner's claims may not be cognizable on federal habeas review, as they appear to challenge the conditions of his confinement, not the validity of confinement.  (*See* TAC at 6, 10-11 (Grounds 5, 9-12, 14)); *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc) (claims that "would not necessarily lead to [a prisoner's] immediate or earlier release from confinement" do not fall within "the core of habeas corpus" and must be brought under § 1983 (citation omitted)).  Several of his claims are also vague, incomprehensible, and/or appear to be frivolous.

(Prior Action, Dkt. No. 29 at 5-8).  After Judgment was entered in the Prior Action, Petitioner brought a "Motion for Judgment as a Matter of Law," (*id.*, Motion, Dkt. No. 42), which the Court construed as a Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e), and, so construed, denied the Motion on March 25, 2020. (*Id.*, Order, Dkt. No. 45).

Petitioner brought the instant action little more than a month after the Court denied his post-judgment motion in the Prior Action.  Even though the Court had instructed Petitioner **four times** in the Prior Action that he cannot bring habeas claims to this Court unless he has "fairly presented" them first to the California Supreme Court, (*id*., Dkt. No. 7 at 2 n.2; Dkt. No. 11 at 3; Dkt. No. 21 at 5-6; Dkt. No. 29 at 5-8), the instant Petition reveals on its face that all of Petitioner's claims are unexhausted.  (Petition at 6-7).

Accordingly, Petitioner is ORDERED TO SHOW CAUSE, **within thirty days of the date of this Order**, why the Magistrate Judge should not recommend that this action be dismissed without prejudice because all of the Petition's claims are unexhausted. Petitioner may discharge this Order to Show Cause by filing a declaration, under oath, describing his efforts to exhaust the instant claims in the California courts.  The declaration must list each of the specific claims presented to each state court, and attach,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 20-0982 CJC (PVC)                                    Date:  May 14, 2020

Title         Victor V. Ramirez v. Superior Court of California

to the extent possible, copies of Petitioner's state habeas petitions and each court's order denying the petition.  Alternatively, Petitioner may file a declaration explaining to the Court why he was prevented from exhausting his claims.

If Petitioner admits that all of the Petition's claims are unexhausted and/or is no longer interested in pursuing his claims, he may also file a notice of dismissal under Federal Rule of Civil Procedure 41(a).  However, Petitioner is advised that if he voluntarily dismisses his claims now, he may be barred by the statute of limitations if he attempts to reassert them in a future habeas action.  **A blank form notice of dismissal is attached for Petitioner's convenience.**

Petitioner is warned that if he continues to file actions that ignore this Court's exhaustion instructions, the Magistrate Judge may recommend that Petitioner be deemed a vexatious litigant.  If Petitioner is deemed a vexatious litigant, he will be prohibited from filing any future action in this Court without first obtaining the permission of a judge of this Court to file the proposed petition or complaint.

**Petitioner is expressly cautioned that if he fails to respond to this Order to Show Cause by the Court's deadline, the Magistrate Judge will recommend that this action be dismissed for failure to prosecute and obey court orders under Federal Rule of Civil Procedure 41(b).**

IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | mr |